**Antonio BUGARIN–JUAREZ,**
**Petitioner—Appellant,**

**v.**

**Grant WEISS, Director, Pacific Furlough Facility; Dennis Green; John Ashcroft, Attorney General; Department of Justice; United States Bureau of Prisons, Respondents—Appellees.**

**No. 03–55141.**

**D.C. No. CV–03–00111–MJL.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 13, 2003.

Before REINHARDT and GRABER, Circuit Judges, and SHADUR,** District Judge.

#### MEMORANDUM ***

Antonio Bugarin–Juarez ("Bugarin") appeals from the district court's denial of his

---

\* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

\*\*\* This disposition is not appropriate for publi-

motion for a preliminary injunction, filed concurrently with a petition for habeas corpus, that sought to preclude the United States Bureau of Prisons ("BOP") from transferring him from the community correctional facility where he was serving his 12 month sentence to a federal penal facility.[1] On June 10, 2003 the respondents-appellees moved to dismiss the appeal as moot because, pursuant to 18 U.S.C. § 3624(c), the BOP no longer sought to transfer Bugarin, who was serving the final 10% of his sentence, to a federal jail or prison.

On July 3, 2003, while that motion and this appeal were pending, Bugarin was in fact discharged from BOP custody. Because Bugarin has been released and can no longer be subject to the BOP's assignment policies, his claim for injunctive relief is now moot (*Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir.1995)).

None of the exceptions to mootness on which Bugarin seeks to rely is applicable here. As explained in *Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)(internal quotation marks and citations omitted, and emphasis added), a claim is "capable of repetition, yet evading review" only where "there is a reasonable expectation that the *same* complaining party will be subject to the *same* action again." There is no possibility here (let alone any expectation) that Bugarin can face BOP reassignment, because he is no longer in BOP custody.[2] And although

Bugarin's submissions refer to other cases challenging BOP's assignment policy, there is no class certification here that would allow the case to continue despite its mootness as to named plaintiff Bugarin (contrast *Sosna v. Iowa*, 419 U.S. 393, 399, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975)).

Accordingly, respondents' motion is granted. We DISMISS this appeal for lack of jurisdiction (*see, e.g., Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985)).

---

cation and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. On January 24, 2003 a motion panel of this court granted a motion by Bugarin for an emergency stay and enjoined the BOP from transferring Bugarin to a federal jail or prison. Although Bugarin's motion was originally styled as a motion for a temporary restraining order ("TRO"), the panel also ruled that the district court's denial of the TRO was

tantamount to denial of a preliminary injunction.

2. Any hypothetical prospect that Bugarin might again become subject to BOP assignment policies if he were to violate his supervised release, get caught, be found guilty of the violation and be incarcerated once more is far too "iffy" to establish current standing (*Spencer*, 523 U.S. at 15, 118 S.Ct. 978).